COMMONWEALTH FINANCIAL CORPORATION, Plaintiff-Appellee, v. NORMAN E. DeWALT, Indiv. and d/b/a Bedroom Plaza, Defendant-Appellant.

Third District   No. 3—89—0770

Opinion filed May 31, 1990.

Thomas L. Perkins and David G. Mawn, both of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellant.

Michael W. Heller, of Peoria, for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The plaintiff, Commonwealth Financial Corporation, sued the defendant, Norman E. DeWalt, to recover $6,072 that DeWalt paid to Wright's Furniture Mills, Inc., for goods he purchased from Wright's Furniture. It was undisputed that Commonwealth had previously notified DeWalt that it had a security interest in Wright's Furniture's accounts receivable. The trial court granted Commonwealth's motion for summary judgment. DeWalt appeals.

The record reveals that Wright's Furniture and Commonwealth entered into a written security agreement wherein Commonwealth took an assignment of Wright's Furniture's accounts receivable as security for its indebtedness to Commonwealth. Thereafter, Commonwealth sent notice of the assignment to DeWalt in accordance with section 9—318 of the Uniform Commercial Code (the Code) (Ill. Rev. Stat. 1987, ch. 26, par. 9—318). After receiving notice, DeWalt made three collect on delivery (COD) purchases from Wright's Furniture for a total of $6,072. DeWalt paid Wright's Furniture for the goods.

Commonwealth brought this action, alleging that DeWalt was obligated to make the COD payments to it, because DeWalt had received notice of the assignment of Wright's Furniture's accounts receivable. In response, DeWalt filed a motion for summary judgment, contending that a COD transaction does not create an "account" under article 9 of the Code (Ill. Rev. Stat. 1987, ch. 26, par. 9—101 *et seq.*). In that regard, he argued that even though Commonwealth had a security interest in Wright's Furniture's accounts, it had no interest in the COD payments made to Wright's Furniture. Commonwealth filed a response and a counterpetition for summary judgment, arguing that COD payments constitute "accounts" within the meaning of section 9—106 of the Code (Ill. Rev. Stat. 1987, ch. 26, par. 9—106).

The sole issue presented on appeal is whether the COD transactions involved here constituted "accounts" within the meaning of the

Code, thus obligating DeWalt to make his payments to Commonwealth.

■ Section 9—106 of the Code defines an "account" as "any right to payment for goods sold *** whether or not it has been earned by performance." (Ill. Rev. Stat. 1987, ch. 26, par. 9—106.) The Code also provides that goods are sold when title passes from the seller to the buyer for a price. (Ill. Rev. Stat. 1987, ch. 26, par. 2—106(1).) Unless otherwise agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods. Ill. Rev. Stat. 1987, ch. 26, par. 2—401(2).

DeWalt argues on appeal that tender of delivery did not precede payment. Therefore, he reasons, title did not pass and a sale did not occur until after payment. He concludes that since a sale did not occur until after payment, no "account" was ever created.

■ We note that this appears to be a case of first impression in Illinois. However, having examined the Code, decisions in other jurisdictions, and treatises on this subject, we find DeWalt's reasoning faulty. In the instant case, title to the goods passed before payment. Thus, an "account" was created, obligating DeWalt to make his payments to Commonwealth. This is so because in a COD transaction, title to goods passes immediately upon delivery to the carrier, even though the carrier retains possession on behalf of the seller. (3 R. Anderson, Uniform Commercial Code §2—401:54, at 551 (3d ed. 1983).) Furthermore, even though the parties have expressly agreed that the goods will not be delivered until they are paid for, the transfer of title is not deferred until payment. (3 R. Anderson, Uniform Commercial Code §2—401:54, at 551 (3d ed. 1983).) It does not matter whether payment is due immediately or in the future, the right to payment is still an "account." See *Matthews v. Arctic Tire, Inc.* (1970), 106 R.I. 691, 262 A.2d 831.

Accordingly, we find that the trial court properly granted Commonwealth's motion for summary judgment.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.